**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: **Hwan Yul Yong and** | : | **Chapter 13** |
| **Hong Suk Yong,** | : | |
| **Debtors** | : | **Bky. No.: 22-10085-amc** |

## ORDER

**AND NOW**, upon consideration of the Motion to Sell Real Property and Motion to Modify Plan (Post-Confirmation), and upon notice to all interested parties and any response thereto, and after a hearing before the Court and for good cause shown, it is hereby

**ORDERED,** that debtor is granted permission to sell real property known 1902 Berks Road, Norristown, PA 19403 ("Property") for the sale price of $300,000 to buyer Cindy Yong ("Buyer").

The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyers, shall be distributed in the following manner:

1.  Estimated ordinary and reasonable settlement costs, including, but not limited to those related to notary services, deed preparation, disbursements, express shipping, surveys, municipal certifications, or any other such routine matters     $     2,500.00

2.  Lien paid at closing – Citizens Bank, N.A.*     $   222,026.06
    * the lien shall be paid in full and will vary accordingly on actual settlement date.

3.  Exempt sale proceeds paid to sellers  Hwan Yul Yong and Hong Suk Yong     $    75,052.06

4.  Payment to Chapter 13 Trustee Kenneth E West to Pay Balance of Claims 1 & 2     $       421.88

    Total:     $   300,000.00

This Order permitting sale of the real estate shall be effective and enforceable immediately upon entry and Debtors Hwan Yul Yong and Hwan Suk Yong and Buyer are authorized to close the Sale immediately upon entry of this Sale Order.  The stay required under Bankruptcy Rule 6004(h) is hereby waived.

The title clerk shall fax a settlement statement from the closing directly to Kenneth E. West, Chapter 13 Trustee upon the close of the settlement to (215) 627-6299, and the Trustee shall promptly notify the title company of any objection to the sums to be disbursed. The title clerk shall immediately transmit the actual disbursement check to the trustee by overnight courier.

In the event the case is converted to Chapter 7, any funds remaining in the possession of the standing Chapter 13 trustee derived from the sale of the real estate shall be transferred to the appointed Chapter 7 trustee.

**AND IT IS HEREBY ORDERED,** upon consideration of the Debtors' Motion to Modify the Chapter 13 Plan (Post-Confirmation), and after notice and an opportunity for hearing, if any, it is hereby ORDERED that the Debtor's Motion is GRANTED; and,

IT IS FURTHER ORDERED that the Modified Chapter 13 Plan dated May 9, 2025 is hereby APPROVED.

BY THE COURT:

Date;  June 25, 2025

_____
ASHELY M. CHAN
CHIEF U.S. BANKRUPTCY JUDGE